Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/18/2020 08:25 AM CST

- 339 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. KOZLIK
Cite as 307 Neb. 339

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Michael D. Kozlik, respondent.

___ N.W.2d ___

Filed September 25, 2020.    No. S-20-459.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

On May 22, 2020, the Iowa Supreme Court entered an order revoking the license to practice law of the respondent, Michael D. Kozlik. The Counsel for Discipline of the Nebraska Supreme Court, the relator, filed a motion for reciprocal discipline against the respondent. We grant the motion for reciprocal discipline and impose discipline of disbarment from the practice of law in the State of Nebraska.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 12, 1979. He was licensed to practice law in Iowa in 2000. On May 22, 2020, the Iowa Supreme Court entered an order revoking the respondent's license to practice law in Iowa.

Based on the respondent's misappropriation of funds while serving as the administrator of his uncle's estate, the Iowa Supreme Court Attorney Disciplinary Board sought

- 340 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. KOZLIK
Cite as 307 Neb. 339

disciplinary sanctions against the respondent based on violations of the following Iowa Rules of Professional Conduct: rule 32:8.4(b) (criminal act reflects adversely on lawyer's honesty, trustworthiness, or fitness) and rule 32:8.4(c) (misconduct involving dishonesty, fraud, deceit, or misrepresentation). The respondent argued that the unauthorized payments were an honest mistake because he believed the payments he made to himself from the estate were permitted without prior court authorization, although it is required in Iowa. The commission found a violation of rule 32:8.4(c) and recommended a public reprimand.

On review, the Iowa Supreme Court found violations of both rule 32:8.4(b) and rule 32:8.4(c) and entered an order revoking the respondent's license to practice law in Iowa. The court noted numerous examples of the respondent's prior legal work in Iowa probate cases to demonstrate his knowledge of the statutes requiring court approval prior to the payment of administrator fees. In reaching its decision, the court concluded that the respondent misappropriated funds and breached a fiduciary duty to the estate.

On May 14, 2020, the relator filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules. The motion stated that the above-cited Iowa Supreme Court rules are in sum and substance the equivalent of Neb. Ct. R. of Prof. Cond. § 3-508.4(b) and (c) (rev. 2016).

This court filed an order to show cause as to why it should not impose reciprocal discipline. On July 8, 2020, the relator filed a response that requested reciprocal discipline of disbarment. On July 27, the respondent filed a response in which he requested that this court impose no discipline or, at most, a public reprimand.

## ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.

- 341 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. KOZLIK
Cite as 307 Neb. 339

*State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814 N.W.2d 107 (2012). In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *Id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the Iowa Supreme Court, we determine that disbarment is appropriate. Therefore, we grant the motion for reciprocal discipline and disbar the respondent from the practice of law in the State of Nebraska.

- 342 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. KOZLIK
Cite as 307 Neb. 339

## CONCLUSION

The motion for reciprocal discipline is granted. It is the judgment of this court that the respondent should be and hereby is disbarred from the practice of law in the State of Nebraska, and we therefore order him disbarred from the practice of law, effective immediately. The respondent shall comply with all notification requirements by disbarred members provided by Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.